JUDGE BATTS UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV    2697**

| | |
|---|---|
| IUSACELL, S.A. DE C.V.,<br><br>                              Plaintiff,<br><br>           v.<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION,<br><br>                              Defendant. | Civil Action No. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL<br>CONFIDENTIAL |

Plaintiff IUSACELL, S.A. de C.V. ("Iusacell"), by its undersigned attorneys, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiff in this action seeks monetary relief against defendant International Business Machines Corporation ("IBM") based on IBM's fraudulent misrepresentations that, on IBM's own calculations, caused plaintiff to lose some US$2.5 billion in profits.

2.    ██████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████



███████████████████████████████████████

███████████████████████████████

████████████████████████

      6.     This action is governed by Mexican law. The key representations which induced Iusacell to enter into the contract were made in Mexico. Performance of that contract was to take place in Mexico, with the contract governed by Mexican law. Iusacell, a Mexican corporation, with its headquarters and operations in Mexico, suffered the injuries alleged herein in Mexico. Under Mexican law, IBM's illicit conduct constituted *dolo* and accordingly, Iusacell is entitled to recover both its actual damages and lost profits ( *daños y perjuicios*).

## THE PARTIES

      7.     Plaintiff Iusacell is a mobile phone operator that serves millions of wireless subscribers throughout Mexico. In addition to its core mobile telephony services, Iusacell also provides a wide range of other telecommunications services, including long distance, wireless local telephony and data transmission.

      8.     Defendant IBM is one of the world's largest multinational and technology consulting companies. Although historically best known for its manufacture of computer hardware, IBM sells to its clients "integrated solutions that leverage [IBM's] information technology and deep knowledge of business processes."

      9.     Plaintiff is a foreign corporation incorporated under the laws of Mexico with its principal place of business in Mexico City. Defendant is a corporation incorporated

under the laws of the State of New York with its principal place of business within the State of New York.



## JURISDICTION AND VENUE

11.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, insofar as there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

12.    Venue lies in this District pursuant to 28 U.S.C. § 1391(b) by reason of Defendant's residence. The negotiations of the contract, which Iusacell was induced to enter into, were conducted entirely in New York City within this District, as were other significant events set forth in this Complaint.

## STATEMENT OF FACTS

**A.    IBM induces Iusacell to contract with IBM's Mexican subsidiary.**

13.    In 2010, Iusacell was the third-largest mobile phone operator overall in Mexico, and the company's management had designed a plan to increase its market share and

revenues over a number of years. Nonetheless, management was doubtful of whether the company's existing IT systems could support the plan. Thus, Iusacell sought advice on the subject from IBM, a leading technology expert.



14.

15.

16.



17.

18.

19.



20.

21.

22.

23.

24. 

25.

26.

27.

**B.**  **IBM made its representations knowing that they were false.**

28.

29.

30.

31.

9



32.

33.



34. █████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████████
██████

35. ███████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
██████████████████████

36. ███████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████████
██████████████

**C.      Iusacell justifiably and reasonably relied on IBM's representations.**

37.      In agreeing to enter into the MSA, Iusacell justifiably and reasonably relied on IBM's representations, for reasons including IBM's reputation as a world-leading IT organization and in that IBM was in a position of superior knowledge with respect to transforming IT systems. IBM in fact held itself out as the world's leading expert on such matters and it assured Iusacell that it would be in good hands if it partnered with IBM.

38.      IBM gave Iusacell and its Board of Directors every reason to trust IBM, representing that IBM was "the world's leading IT company," consisting of "400,000 IBMers working together from 170 countries." Among IBM's many representations about the breadth of its resources and experience were statements regarding:

- "100+ IBM Centers of Excellence Worldwide";
- "15,000+ subject matter experts";
- "100 staff years devoted to Telecom-specific projects"; and
- "250 staff years committed to cross-industry projects."

IBM also touted its partnerships with other international telecommunications companies in order to convince Iusacell that IBM knew what it was doing and that it could be trusted to stand by Iusacell even if unforeseen circumstances arose requiring a greater commitment of resources. And the diligence conducted by Iusacell gave it no reason to mistrust IBM's representations.

**D.      The truth emerges.**

39.      Events subsequent to the execution of the agreement have revealed that IBM both knowingly misrepresented and wrongfully concealed from Iusacell material facts both before and during the parties' relationship.

(i)  <u>IBM begins to reveal its true intentions.</u>

40.



41.

42.

43.



44.

45.

46.

47.

(ii)    IBM's capacity limits cripple its performance.

48.

49.

50.

51. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(iii)    IBM's failings precipitate the end of the parties' relationship.

52. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

53. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

54. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



55.

56.

57.



58.

59.

60.

**E.      Iusacell was damaged by IBM's fraudulent misrepresentations.**

61.      As the direct and proximate result of IBM's misrepresentations, Iusacell has suffered massive damages and loss of profits. Iusacell never would have partnered with IBM and entered into the MSA with IBM Mexico had it known that IBM's representations were false and would not be honored by IBM, including its key representations with respect to

providing adequate capacity to accomplish the fulfillment on a timely basis of the Transformation Projects.

      62.    Entering into the MSA resulted in a delay of more than three years in Iusacell's being able to revamp its deficient IT systems during a period of market opportunity in Mexico.

      63.    Had IBM not misled Iusacell, Iusacell at the end of 2010 would have made alternative arrangements to provide for Transformation and operation of its IT systems to seize on market opportunities for growth of revenues and profits.

      64.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19



65.

66.

███████████████████████████████████████████████

███████████████████

67.     IBM's illicit conduct (*dolo*) gives rise to Iusacell's right under Mexican law to receive payment of *daños y perjuicios*. *Daño* is the loss or impairment suffered as the result of reliance upon a wrongful representation (*dolo*), and *perjuicio* is the deprivation of lawful gains that would have resulted but for such illicit act. In other words, under Mexican law, Iusacell is entitled to both actual damages and lost profits occasioned by its reliance upon IBM's misrepresentations.

## CLAIM FOR RELIEF

## FRAUDULENT INDUCEMENT (*DOLO*) UNDER MEXICAN LAW

68.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 67, as if fully set forth at length.



69.     ████████████████████

██████████████████████████████████

██████████████████████████████████

███████████████████████████████████

██████.

70.     ████████████████████

███████████████████████████████████

██████████████████████████████████

█████████████████



72.

73.

74.

75.     Iusacell's reliance on IBM's representations was justified and reasonable.

76.     If Iusacell had known the truth of IBM's misrepresentations, it never would have entered into the MSA and would have rather engaged in an alternative means of transforming its IT and securing optimum day-to-day operation of its IT systems.

77.     Iusacell was directly damaged by IBM's misrepresentations. IBM itself recognized that a delay in delivery of the Transformation of two years would cause Iusacell lost revenue of some US$2.5 billion. Due to IBM's wrongful conduct, the Transformation has been delayed for a longer period of time, and Iusacell has been unable to take advantage of critical market opportunities resulting in damages and lost profits in excess of IBM's prediction.

WHEREFORE, judgment should be entered against Defendant IBM as follows:

I.     In favor of Iusacell, for damages in an amount in excess of $2.5 billion, together with interest as provided by law;

II.     Awarding Iusacell its costs and expenses of suit; and

III.     Granting Iusacell such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated:  New York, New York
        April 16, 2014

*Of Counsel*:

Jonathan M. Moses
Jonathon R. La Chapelle
Olivia A. Maginley
Cynthia Fernandez Lumermann

WACHTELL, LIPTON, ROSEN & KATZ

By:  Herbert M. Wachtell

51 West 52nd Street
New York, New York  10019-6150
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Attorneys for Plaintiff*
*IUSACELL, S.A. de C.V.*